### IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| JANET STOPPENBACH ) | |
| ) | |
| Plaintiff, ) | No. 19 cv 4535 |
| ) | |
| vs. ) | |
| ) | |
| MENARDS, INC. d/b/a MENARDS AND ) | |
| THYSSENKRUPP ELEVATOR CORPORATION ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANT MENARD, INC. d/b/a MENARDS NOTICE OF REMOVAL

### TO THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C §1441 and §1446 Defendant MENARD, INC. d/b/a MENARDS (hereinafter "Defendant MENARDS") hereby removes to the United States District Court for the Northern District of Illinois the State Court action, Case Number 19 L 005661, described below. The basis for removal is diversity jurisdiction pursuant to 28 U.S.C. § 1332:

### I. INTRODUCTION

1. Plaintiff Janet Stoppenbach (hereinafter "Plaintiff") filed her Complaint for personal injuries on May 24, 2019. (See Plaintiff's Complaint attached hereto as Exhibit "1").

2. The first date of service on this defendant was June 6, 2019. The time has not elapsed within which Defendant is permitted to remove this action, and therefore this Notice of Removal ("Notice") is filed in a timely manner. 28 U.S.C. § 1446(b). (See Attached Exhibit "2" Plaintiff's Notice of Filing of Proof of Service and Proof of Service on Defendant MENARDS).

3. The United States District Court for the Northern District of Illinois has jurisdiction over this action under 28 U.S.C. § 1332, and this action removable under 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and papers or exhibits filed

action under 28 U.S.C. § 1332, and this action removable under 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and papers or exhibits filed in the Circuit Court of Cook County, Illinois are appended to this notice. (See Exhibit "1", "2" and "3", Plaintiff's Complaint, Summons, Proof of Service upon Defendants and Appearance and Jury Demand of Defendant Thyssenkrupp Elevator Corporation which are the only documents filed to date).

5. Venue is proper in this district, under 28 U.S.C. § 1446(a), because this district embraces the place in which the removed action is pending.

6. Written notice of the filing of the Notice of Removal will be promptly served on Plaintiff's Counsel and Co-defendant Counsel and a copy will be filed with the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of this Notice of Removal to Federal Court is attached hereto.

## II. DIVERSITY OF CITIZENSHIP EXISTS

7. Pursuant to 28 U.S.C. § 1332(a)(1), diversity of citizenship exists because the Plaintiff and Defendant MENARDS are citizens of different states. As set forth below, diversity of citizenship exists because: (a) Plaintiff is a citizen of Illinois; (b) Defendant MENARDS is a citizen of Wisconsin; and (c) Thyssenkrupp is a citizen of Delaware.

8. Citizenship and the removability of an action are determined at the time the removal petition is filed. *In Re Burlington N. Santa Fe Ry*. Co., 606 F.3d 379, 380 (7th Cir. 2010); *In re Shell Oil*, 970 F.2d 355, 356 (7th Cir. 1992).

A. Plaintiff is a Citizen of Illinois

9. For purposes of Federal Diversity Jurisdiction, the State citizenship of a natural person is determined by the state where the person is domiciled, meaning the state where the person is physically present with the intent to remain there. See *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996); *Perry v. Pogemiller*, 16 F. 3d 138, 140 (7th Cir. 1993). In determining domicile, courts look to a variety of factors such as current residence, location of belongings and personal property, voter registration, driver's license and vehicle registrations among other things. *24 hour fitness USA v. Bally Total Fitness Holding Corp.*, 2008 U.S. Dist. LEXIS 84374, at *11 (N.D. Ill. October 21, 2008) (citing *Sadat v. Mertes*, 615 F.2d 1176, 1181 (7th Cir. 1980)).

10. In this case, Plaintiff is a citizen of Illinois as her complaint admits that she currently resides in the Village of Brookfield, Il. (See Exhibit 1, Plaintiff's Complaint paragraphs 1, 2).

B. <u>Defendant Menards is a Citizen of Wisconsin</u>

11. For diversity purposes, the citizenship of a corporation is the state where the corporation is incorporated and the state where the corporation has its principal place of business, meaning the state where the corporation maintains its headquarters or "nerve center". See 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192-95, 175 L.Ed. 2d 1029 (2010); *CCC Info. Servs., Inc. v. American Salvage Pool Ass'n*, 230 F.3d 342, 246 (7th Cir. 2000); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); *Nuclear Eng'g Co. v. Scott*, 660 F. 2d 241, 250 (7th Cir. 1981).

12. Here, the Defendant MENARDS is not from the same state as the plaintiff, and therefore diversity exists. Defendant MENARD, Inc. d/b/a MENARDS, is a citizen of Wisconsin, where it is headquartered and incorporated in Eau Claire, Wisconsin. (See Attached Exhibit "4" Report of the Department of Financial Institutions from the State of Wisconsin).

C. <u>Co-defendant Thyssenkrupp Elevator is a citizen of Delaware</u>

13. Upon information and belief of this defendant the co-defendant Thyssenkrupp Elevator, LLC is a corporation incorporated in the State of Delaware with its principle place of business in Alpharetta, Georgia.

### III. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

14. Federal diversity jurisdiction also requires that an amount in excess of $75,000, exclusive of interests and costs, be in controversy. See 28 U.S.C. § 1332(a)(1). In Illinois state courts, a personal injury plaintiff may not specify exact damages in his complaint beyond the limit set by the local circuit court rule. 735 Ill. COMP. STAT. 5/2-604; *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993).

15. In this case, plaintiff's complaint does not specify an exact amount. However, plaintiff's complaint does claim an amount in controversy in excess of the jurisdiction limit of $50,000.00. Additionally the plaintiff is claiming "serious painful and permanent personal and pecuniary injury including but not limited to suffering from mental anguish, pain and suffering, incurring medical expenses, disfigurement and deformity, lost time from work and will continue to suffer from said injuries in the future, including incur additional medical specials and sustain a loss of normal life" (See exhibit 1, plaintiff's complaint paragraphs 16, 17). Preliminary information indicates that plaintiff's claimed medical specials exceed $85,500.00.

16. Accordingly and upon information and good faith belief and upon plaintiff's statements and allegations regarding her damages in the complaint, this case demonstrates that the amount in controversy exceeds $75,000.00.

17. This notice of removal and all exhibits attached hereto is signed pursuant to Rule 11, of the Federal Rules of Civil Procedure.

18. Pursuant to 28 U.S.C. § 1446(d), Defendant MENARDS simultaneously give written notice of removal of this action to plaintiff co-defendant and the Clerk of the Circuit Court of Cook County, where this matter is pending under Case No. 19 L 5661.

19. In making this Petition for Removal, Defendant MENARDS specifically preserve all available affirmative defenses available to them including defenses pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

TO THE CLERK OF THE ABOVE ENTITLED COURT;

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant MENARD, INC. d/b/a MENARDS hereby removes to the United States District Court of the Northern District of Illinois the state court action, Case number 19 L 005661, described above. The basis for the removal is diversity jurisdiction pursuant to 28 U.S.C. § 1332.

This 3rd day of July, 2019.

Respectfully Submitted,

By: _____

David B. Reeves
Illinois State Bar Number 6274173


## CERTIFICATE OF SERVICE

I, David B. Reeves, an attorney, hereby certifies that on July 2, 2019, I electronically filed the foregoing "Notice of Removal from State Court to Federal Court" with the Clerk of Court using the ECF system which will send notification and copy of such filing to:

*/s/ David B. Reeves*

**Attorneys for Plaintiff:**
The Horwitz Law Group
Attorney for the Plaintiff
20 N. Clark Street
Suite 3300
Chicago, IL 60602

**Attorneys for Defendants Thyssenkrupp Elevator Corporation:**
Molzahn Rocco Rouse Berge
20 N Clark #2300
Chicago, IL 60602